### ASSIGNMENT OF WAGES STATUTE INVALID.

Common Pleas Court of Lucas County.

CLARA L. MCGUIGAN v. THE BROWN AUTOMATIC HOSE COUPLING COMPANY.

Decided, March, 1915.

*Constitutional Law—Statute Requiring Payment of 'Wages Twice Monthly—Invalid in Its Provision Relating to the Assignment of Wages.*

The act providing for payment of wages at least twice in each calendar month (Section 12946-1-2) abridges the privileges of those to whom it is intended to apply by denying to them, in the provision against assignment of wages, the right to possess and enjoy their property, and is as to that provision unconstitutional and void.

MANTON, J.

This cause comes into this court on error to the city and justice court, where it was submitted on an agreed statement of facts, and it is submitted here under the petition in error and the said statement of facts.

It appears that plaintiff received from L. A. Foley an assignment in writing, dated March 2d, 1914, of his wages then earned and to be earned within one month from date of assignment, in the employ of defendant.

Plaintiff's assignor was then in defendant's employ and continued therein for more than a month, and earned $30. At the time he made the assignment he was indebted to plaintiff in the sum of $30 for board. Defendant, in the court below, presented the sole defense that the assignment was void under the act of March 25th, 1913 (103 O. L., 154), and that it was, therefore, not liable.

The act named is the one providing for semi-monthly payments of wages, and it contains the following provisions:

"And no assignment of future wages, payable semi-monthly under these provisions shall be valid."

It contains the further provision:

"Providing nothing herein contained shall be construed to interfere with the daily or weekly payment of wages."

The defendant was complying with the act by making semi-monthly payments of wages to its employees.

Plaintiff contends that the act of March 25th, 1913, is unconstitutional and void, as in conflict with Section 1 of Article I of the Ohio Constitution and Section 1 of Article XIV (Fourteenth Amendment) of the Federal Constitution.

A few of the state courts, notably Massachusetts and Indiana, have sustained acts which have placed limitations on the right to assign future wages, but others, and the greater number, have denied the right of the Legislature to place any restrictions on this right. But no Legislature has gone as far as the Ohio General Assembly did in this act, declaring all such assignments void.

The Federal Supreme Court refused to hold a Massachusetts act in conflict with Section 1 of Article XIV of the Federal Constitution, which sought to regulate and restrict to some extent the right to assign future wages, saying in *Mutual Loan Company* v. *Marteell*, 222 U. S., 225, that the states might, under their police power, and pursuant to a public policy looking to the welfare of wage earners, regulate and to some extent restrict the right. No doubt the state may place restrictions upon the right to possess and enjoy property guaranteed by Section 1 of Article I of Ohio Constitution, under its police power for the public welfare, but it can not utterly destroy such property, the existance of which is not in itself injurious to the public.

And that is what this act would do in some instances. If we take the case of the plaintiff's assignor; he has a job and the power and the ability to perform the work, but he has no other property. He goes to an inn-keeper and says, "I will assign my wages to be earned for my present keep (board and lodging)." The inn-keeper can not take the assignment under the law, and

the unfortunate wage-earner loses his job and ability to labor because this property is taken from him by this act.

But he was unfortunate only because he got employment with an employer who paid his workmen semi-monthly. If he had found employment with one who paid weekly, he could have assigned his wages for his keep and preserved his property.

The employer can, by his own act as to the time of payment of wages, either bring himself under the act, or exclude himself from its operation, in respect to the matter of assignment of wages.

A wage earner working for an employer who has weekly paydays has unrestricted right to possess and enjoy property (his wages. One who works for an employer paying semi-monthly has his property rights taken from him. It may be readily seen that this act attempts to take property without due process of law, and to deprive a person of the right to possess and enjoy his property, and does not afford equal protection of the law, and attempts to abridge the privileges of citizens of the United States. Wherefore, it is void as to the provision relating to assignment of wages.

The judgment of the lower court in favor of the defendant is reversed and set aside, and said cause is set down for trial in this court according to law.